JOHN COUGHENOUR v. C. F. HUTCHINGS, STAND-ARD LAND COMPANY et al., Appellants.

Division One, June 2, 1919.

For the reasons given in Rabenau v. Harrell, *ante,* page 247, the decree in this case, cancelling plaintiff's deed conveying his land on account of fraud on the part of the vendees, is affirmed.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*C. O. French* for appellants.

*J. E. Haymes* for respondent.

BOND, C. J.—Suit to rescind a land contract for fraud, and to recover money damages in addition thereto.

Plaintiff Coughenour, a farmer of Webster County, through D. J. Haugeberg, one of defendant corporation's land agents, was interested in a proposition of said company to sell him a tract of land in their Edinburgh district in Hidalgo County, Texas.

The Standard Land Company in 1913 were endeavoring to interest farmers in Missouri, Illinois and other states in a large tract of uncleared Texas land,

which they widely advertised to be "one of the richest, most certain agricultural districts of the world," and that they had installed therein "the most splendid irrigation system that can be found," claiming that they could "show more advantages and fewer disadvantages than can be found elsewhere on the American continent."

In June, 1913, plaintiff, attracted by the glowing accounts of the resources of that country, the fertility of the soil, the fine climate, certainty of crops, joined an excursion party which the defendants were taking to Edinburgh, Texas, to view this land. On the trip home the plaintiff entered into a written contract to purchase about forty-two acres of land in the Edinburgh tract at the rate of $185 per acre, and in part payment he agreed to execute a deed to his eighty-acre farm in Webster County, Missouri, at the rate of twenty dollars an acre, giving notes for the balance, secured by a vendor's lien on the Texas land.

In October of the same year, plaintiff removed his family to Texas, where he rented a farm in the vicinity of the uncleared land which he had purchased. He continued to farm in that locality until the spring of 1915, when having discovered that it was impossible to produce the crops he had been told could be produced, and claiming that the irrigation system was wholly insufficient to water the land and that he had been deceived and defrauded, he returned to Webster County, Missouri, and in February, 1915, instituted this suit, asking annulment of his contract and the cancellation of the deed conveying his Missouri farm to defendants.

The court found the issues for plaintiff and decreed that the deed executed by plaintiff conveying his Webster County farm to defendant be cancelled and set aside, and that plaintiff should also recover $175 paid by him to defendants in cash, together with the costs of suit. Defendants duly appealed.

The grounds of appeal in this case are the same, as far as they go, as the errors assigned by the appellants in the case of Rabenau v. Harrell, *ante,* page 247. The evidence of deceit and fraud in the present case is similar to that adduced in the former. For the reasons given in the opinion in that case, the decree in this should be affirmed. It is so ordered. *Blair, C. J.,* and *Graves, J.,* concur; *Woodson, J.,* absent.